UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC *et al.*<br><br>Debtors | Case No. 3:25-cv-00065<br><br>Judge Benjamin J. Beaton |

### DEBTOR'S PRELIMINARY AND PROTECTIVE OBJECTION TO THE CITY OF OAKLAND'S MOTION TO STAY PROCEEDINGS IN THE BANKRUPTCY COURT PENDING THIS COURT'S RESOLUTION OF MATTERS NOW PENDING IN THIS COURT

Comes now Insight Terminal Solutions, LLC ("Debtor"), by counsel, and hereby files this Preliminary and Protective Objection to the City of Oakland's Motion to Stay Proceedings in the Bankruptcy Court Pending This Court's Resolution of Matters Now Pending in This Court (the "Objection"). In support of this Objection, the Debtor states as follows:

## BACKGROUND

### Preliminary Statement

1. The general nature of this action is an interlocutory appeal involving Rule 2004 Orders issued by the Bankruptcy Court. Critically, leave in favor of the City of Oakland (the "City") to pursue its requested interlocutory appeal has not been granted, despite the City having a pending motion.

2. Through its Motion to Stay Proceedings in the Bankruptcy Court Pending This Court's Resolution of Matters Now Pending in This Court filed on February 4, 2025 [Doc. 4] (the "Case 25-cv-00065 Motion to Stay"), the City asks this Court to exercise its discretion to stay the Adversary Proceeding (defined *infra* at ¶ 5) in the Bankruptcy Court based primarily on the City's

Motion to Withdraw the Reference and Transfer Venue [Bank. Doc. 57/Doc. 1] ("Withdrawal/Venue Motion"), which is pending before this Court in a separate civil action identified as *Case No. 3:25-cv-00023-BJB*.

3. The City prematurely filed its Case 25-cv-00065 Motion to Stay despite the fact that the nature of this action is an interlocutory appeal, and the City has not obtained leave to pursue such an appeal. To that end, the Debtor filed an objection to the City's motion for leave to seek an interlocutory appeal, as discussed *infra* at ¶ 12-14.

4. Frustratingly, the Case 25-cv-00065 Motion to Stay is nothing more than another tactic by the City to continue delaying the advancement of the Adversary Proceeding and the Rule 2004 Orders, and to prevent the Debtor from having its day in court. For these fundamental reasons and the additional grounds detailed below, the Case 25-cv-00065 Motion to Stay should be denied.

**The Filing of the Adversary Proceeding and the Subsequent Motion to Dismiss Litigation**

5. On March 11, 2024, the Debtor filed its Complaint for Damages [Bank. Doc. 1] (the "Complaint"), which initiated the adversary proceeding in the Bankruptcy Court styled as *Adv. Proc. No. 24-3007, Insight Terminal Solutions, LLC v. City of Oakland* (the "Adversary Proceeding"). The Complaint alleges, among other things, that the City's judicially determined maleficence constitutes interference with Debtor's ability to monetize its Army Base Gateway Redevelopment Project Sub-Ground Lease for West Gateway, dated September 24, 2018, with Oakland Bulk and Oversized Terminal, LLC ("OBOT"), directly resulting in at least one billion dollars in realized damages.

6. After requesting more time to respond to the Complaint, on May 1, 2024, the City filed a Motion to Dismiss the Complaint [Bank. Doc. 25] (the "Motion to Dismiss").

7. Following hearings before the Bankruptcy Court on July 11, 2024, and October 16, 2024, as well as additional briefing from the parties, on November 21, 2024, the Bankruptcy Court entered its Memorandum-Opinion and Order, denying the Motion to Dismiss in its entirety [Bank. Doc. 56], thereby allowing the Adversary Proceeding to move forward.

### The City's Motion to Withdraw the Reference and Transfer Venue

8. Unhappy with the Bankruptcy Court's denial of the Motion to Dismiss and after filing multiple requests and motions in the Bankruptcy Court, on November 27, 2024, the City filed its Withdrawal/Venue Motion [Bank. Doc. 57]. On December 23, 2024, the Debtor filed its Objection to the Withdrawal/Venue Motion [Bank. Doc. 65]. On January 9, 2025, the City filed its Reply to the Objection to the Withdrawal/Venue Motion [Bank. Doc. 73].

9. On January 13, 2025, the Bankruptcy Court Clerk transmitted the Withdrawal/Venue Motion and related filings to this Court [Bank. Doc. 75], which opened and created a companion case before this Court described by the City in Footnote 1 of the Case 25-cv-00065 Motion to Stay as the "First Filed Case No. 25-cv-00023". (*See generally* Case No. 25-cv-00023, Doc. 1). The Withdrawal/Venue Motion and the Debtor's corresponding Objection are now pending before this Court.

### The Bankruptcy Rule 2004 Orders in Favor of the Debtor

10. On July 3, 2024, the Debtor filed a Motion for a Rule 2004 Examination of the City. [Bank. Doc. 508] (the "Rule 2004 Motion"). On July 5, 2024, the City filed its Preliminary Opposition to the Rule 2004 Motion [Bank. Doc. 509]. After a hearing on July 11, 2024, the Bankruptcy Court granted the Rule 2004 Motion [Bank. Doc. 523] (the "Rule 2004 Order").

11. On August 29, 2024, the City filed its Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of City of Oakland, or in the alternative, to

Stay That Order [Bank. Doc. 525] (the "Motion for Reconsideration"). On September 9, 2024, the Debtor filed its Objection to the Motion for Reconsideration [Bank. Doc. 528]. On January 29, 2025, the Bankruptcy Court denied the Motion for Reconsideration [Bank. Doc. 548] (the "Rule 2004 Reconsideration Order").

12. On February 3, 2025, the City filed a Notice of Appeal of the Rule 2004 Order and the 2004 Reconsideration Order [Doc. 1], along with a copy of a corresponding Motion for Leave to File Appeal of Orders [Bank. Doc. 552] (the "Motion for Leave to Appeal"), which initiated this district court civil action.

13. The Motion for Leave to Appeal was filed with the Bankruptcy Court on January 31, 2025 [Bank. Doc. 552]. In the Motion for Leave to Appeal, the City asks the Bankruptcy Court to grant discretionary review and allow an interlocutory appeal of the Rule 2004 Order and the 2004 Reconsideration Order (collectively, the "Rule 2004 Orders") to this Court.

14. On February 24, 2025, the Debtor filed an Objection to the Motion for Leave to Appeal with the Bankruptcy Court [Bank. Doc. 558]. A copy of the Debtor's Objection to the Motion for Leave to Appeal is attached hereto as Exhibit A and is incorporated herein by reference.

15. On February 25, 2025, the Debtor filed a Notice of Filing of Objection and Debtor's Objection to Defendant City of Oakland's Motion For Leave To Appeal [Doc. 10], which contains an objection to the Motion for Leave that is nearly identical to the Objection to the Motion for Leave to Appeal filed with the Bankruptcy Court on February 24, 2025.

**The City's Motion for Stay in This Case**

16. On February 4, 2025, the City filed the Case 25-cv-00065 Motion to Stay [Doc. 4] seeking to put the Adversary Proceeding and the enforcement of the Rule 2004 Orders on hold while its Withdrawal/Venue Motion is pending before this Court in the separate civil action. As

4

noted in Footnote 1 of the Case 25-cv-00023 Motion to Stay, the City filed a substantively identical stay motion in *Case No. 25-cv-00023* on February 3, 2025, which is also pending before this Court (the "Companion Stay Motion"). A copy of the Motion to Stay was not electronically served on the Debtor because counsel for the Debtor had not entered an appearance in this case at the time of the filing of the Motion to Stay, and undersigned counsel is unaware of a copy of the Motion being otherwise served on the Debtor or its attorneys by the City.

17. On February 24, 2025, the Debtor filed an Objection to the Companion Stay Motion [*See* Case No. 25-cv-00023, Doc. 8].

18. For the reasons argued below and the reasons argued in the Objection to the Companion Stay Motion, the Debtor objects to the Case 25-cv-0023 Motion to Stay, while noting that Judge Lloyd supports the reasons in opposition to the Case 25-cv-0023 Motion to Stay.

## **PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS**

*Arguendo*, if the twenty-one day objection deadline set forth in the Local Rule 7.1(c) applies to the Case 25-cv-0065 Motion to Stay, then the Debtor objects to the Case 25-cv-0065 Motion to Stay for the reasons set forth in the Debtor's Objection to the Companion Stay Motion [Case No. 25-cv-00023, Doc. 8], with the content and objections of the Companion Stay Motion being adopted and asserted by the Debtor as if fully set forth herein.

Leave for the City to pursue an interlocutory appeal has not been granted. In fact, it is unclear on what legal authority the City files this Motion, particularly given its intention to use one motion to stay matters arising in two separate cases: one in a pending bankruptcy and one in an adversary proceeding. The primary case cited by the City to support its argument as to why the stay should be granted, *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("*Michigan Coal*"), is inapposite. Specifically, *Michigan Coal* involved a stay request to the Sixth Circuit Court of Appeals after the district court granted a

5

permanent injunction. This case, on the other hand, is not before the Court of Appeals and the only "appeal" potentially at issue is a request for an interlocutory appeal related to the Rule 2004 Order without the District Court having taken any action in any matter related to these proceedings. The problem for the City is that "[a]lthough district courts have discretion to hear interlocutory appeals from bankruptcy courts, § 158(d) does not grant courts of appeals similar discretion to review interlocutory decisions. 'The courts of appeals do not have jurisdiction to hear interlocutory appeals in bankruptcy cases.' . . . 'Under 28 U.S.C. § 158(d), appellate jurisdiction exists when the bankruptcy court order and the decision of the district court acting in its bankruptcy appellate capacity are both final orders.'" *In re Rains*, 428 F.3d 893, 900–01 (9th Cir. 2005) (internal citations). The City's citation of *Michigan Coal* only further compounds the web of confusion the City is attempting to weave, all an effort to cause delay.

The Debtor submits that the District Court lacks jurisdiction to grant a motion to stay or render any other substantive rulings unless and until the Motion for Leave to Appeal is granted. Having said that, if the Debtor's assertion is mistaken, then the Debtor objects and reserves the right to file an additional objection to the Case 25-cv-0065 Motion to Stay, which should be denied for the reasons set forth in the Debtor's Objection to the Companion Stay Motion, in addition to the fact that leave for the City to appeal has not been granted.

    Respectfully submitted,

*/s/ Robert M. Hirsh*
Robert M. Hirsh
NORTON ROSE FULBRIGHT US, LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3400
Robert.hirsh@nortonrosefulbright.com

-and-

6

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com

COUNSEL FOR
INSIGHT TERMINAL SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

It is hereby certified that on February 25, 2025 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system to all parties having entered an appearance in this case.

*/s/ Andrew D. Stosberg*
COUNSEL FOR
INSIGHT TERMINAL SOLUTIONS, LLC
