# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:25-cv-00065 |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al*., | Judge Benjamin Beaton |
| Debtors. | |

**DEFENDANT'S REPLY TO MOTION TO STAY PROCEEDINGS IN THE BANKRUPTCY COURT PENDING THIS COURT'S RESOLUTION OF MATTERS NOW PENDING IN THIS COURT**


**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ iii  
INTRODUCTION .......................................................................................................................... 1  
ARGUMENT .................................................................................................................................. 2  
    I.    Local Rule 37.1 Does Not Apply To This Stay Motion ................................................... 3  
    II.   The City Has a Strong Likelihood of Success on the Matters Pending in this Court ..... 3  
    III.  A Short Stay to Permit This Court to Resolve the Pending Matters Will Prevent Inefficiencies and Harm ................................................................................................. 6  
    IV.  ITS Has Pointed to No Harm That It Would Suffer From a Short Stay ........................ 7  
    V.   The Public Interest Weighs Heavily In Favor of Granting a Stay ................................. 8  
CONCLUSION ............................................................................................................................... 8  
CERTIFICATE OF SERVICE ..................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Cinematronics, Inc.*,
   916 F.2d 1444 (9th Cir. 1990) ...................................................................................................4

*Gecker v. Marathon Fin. Ins. Co., RRG*,
   391 B.R. 613 (N.D. Ill. 2008) ....................................................................................................4

*New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*,
   434 U.S. 1345 (1977) (Rehnquist, J., in chambers) ..................................................................6

*In re Oggusa, Inc.*,
   No. 20-50133, 2021 WL 1042865 (Bankr. E.D. Ky. Mar. 16, 2021) ........................................2

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*,
   134 S. Ct. 506 (2013) (Scalia, J., concurring) ...........................................................................6

**Federal Statutes**

11 U.S.C.
   § 549 ..........................................................................................................................................5

**California Statutes**

California Uniform Voidable Transactions Act ..............................................................................5

**Other Authorities**

Local Rule 37.1 .......................................................................................................................1, 2, 3

Rule 2004 ............................................................................................................................. *passim*

# INTRODUCTION

Los Angeles-based former Debtor ITS (whose plan was confirmed back in 2020), has given this Court no reason to keep this lawsuit raising California law claims against a California City in the Western District of Kentucky Bankruptcy Court rather than transfer this dispute to California. ITS has also given this Court no valid reason not to stay the pending bankruptcy proceedings so that this Court can resolve the issues of transfer efficiency.

ITS's opposition to the short stay—requested by the City to preserve this Court's ability to resolve two pending matters (the motion to withdraw the reference and transfer, and an appeal from a related bankruptcy Rule 2004 discovery order)—does not contest the City's core arguments supporting a stay. It argues that the City's motion is procedurally improper because it failed to meet and confer with ITS under Local Rule 37.1, but this is not a "discovery" motion. As to the City's likelihood of success on the merits of the motion to withdraw and transfer, ITS points to a "general practice" of denying stay requests and the "common practice" of declining to withdraw the reference. But whatever those practices may be, ITS makes no meaningful attempt to explain why the facts of *this case*—which involve purely state law issues based on conduct that took place in California, and which ITS agreed to litigate in California under a forum selection clause—do not require withdrawing the reference and transferring venue. Indeed, ITS makes no attempt to distinguish the many cases withdrawing the reference and transferring cases under similar circumstances. And as to the Rule 2004 appeal, ITS again invokes general principles rather than respond to a single argument showing why the City is likely to succeed on the merits with respect to this Rule 2004 order.

With respect to the other stay factors, ITS largely ignores the City's arguments demonstrating that it will be irreparably harmed by having to undergo needless costly discovery

and motions practice—all of which will be subject to revision by whichever district court will eventually oversee the trial in this case. And ITS cannot contest that allowing a Rule 2004 order in a federal bankruptcy court to be used as a "healthy check" against the policy judgments of City officials would raise serious federalism concerns. It also points to no harm (let alone irreparable harm) that it will suffer from a brief stay, other than unfounded (and inaccurate) speculation about the City's general finances.

Accordingly, this Court should impose a brief pause of these proceedings so that it may rule on the City's motion to withdraw the reference and transfer venue, and the City's challenge to the Rule 2004 order.

## ARGUMENT

ITS devotes pages of its opposition to exploring what it describes as a "general rule" of denying stay requests. Opp. 8-11.[1] But each of the cases ITS cites was decided on its own facts, and ITS does not attempt to explain why the circumstances of those cases are analogous to those at issue here. The principal case ITS relies on, *In re Oggusa, Inc.*, No. 20-50133, 2021 WL 1042865 (Bankr. E.D. Ky. Mar. 16, 2021), is entirely inapposite. *Oggusa*'s stay analysis is two sentences long (*id.* at *11) and does not purport to address the circumstances at issue here: namely a case with no conceivable connection to Kentucky, advancing exclusively state law causes of action based on out-of-state conduct. Because the factors *here* overwhelmingly support the issuance of stay, this Court should grant the City's motion.

---

[1] All citations to "Opp." reference ITS's opposition filed in W.D.K.Y. Case number 3:25-cv-00023 Dkt. ECF 10, which ITS has incorporated by reference in W.D.K.Y. Case number 3:25-cv-00065 Dkt. ECF 12 at 6.

## I. Local Rule 37.1 Does Not Apply To This Stay Motion

ITS argues that the City's motion is procedurally improper because it failed to meet and confer with ITS under Local Rule 37.1 before filing it. Opp. 7-8. But that rule applies only to discovery motions, not motions to stay entire proceedings. *See* L.R. 37.1

ITS argues that Local Rule 37.1 nevertheless applies "because the [City's] stay [motion] is functionally a euphemism by the City for 'we don't want to engage in discovery right now.'" Opp. 7. But the stay motion—filed to preserve this Court's ability to decide what forum the adversary proceeding should be heard in, and to provide meaningful review of the bankruptcy court's plainly erroneous Rule 2004 order—does not transform into a "discovery motion" merely because it might have some *effect* on how discovery unfolds. ITS cites no authority to the contrary. Indeed, under ITS's capacious definition, nearly any motion could be reframed as a "discovery motion" subject to Local Rule 37.1's requirements: A motion to dismiss, for example, (which could extinguish any need for discovery) or a motion for an extension of time to answer the complaint (which could delay eventual discovery) would each, under ITS's construction, fall under Local Rule 37.1. It makes no good sense to convert Local Rule 37.1 to apply to every motion.[2]

## II. The City Has A Strong Likelihood Of Success On The Matters Pending In This Court

*Motion to Withdraw and Transfer.* As set forth in the City's briefs before this Court, every relevant factor decisively militates in favor of withdrawing the reference and transferring venue. Mot. 12-13; W.D.K.Y. 3:25-cv-00023 Dkt. ("MTW Dkt.") ECF 1 at 11-24. ITS largely sidesteps these arguments, and it does not even attempt to distinguish the many cases

---

[2] The City did raise the pending appeal and motions in the context of meeting and conferring over discovery below, and conducted those discussions reserving all rights with respect to these motions, and the parties are plainly at impasse.

3

withdrawing the reference and transferring venue under circumstances similar to those presented here. MTW Dkt. ECF 1 at 15 (collecting cases).

ITS argues that neither a right to a jury trial nor the non-core nature of the proceeding are enough, in isolation, to require a district court to withdraw the reference. Opp. 11 (non-core not enough as "lone factor"); *id.* at 12 ("mere existence" of jury trial right not enough). But ITS cannot dispute that these are the two most important factors in the analysis. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (collecting cases holding that withdrawal appropriate where there is jury demand); *Gecker v. Marathon Fin. Ins. Co.*, *RRG*, 391 B.R. 613, 615 (N.D. Ill. 2008) (non-core nature of dispute "most important factor" in deciding whether to withdraw the reference "because 'efficiency, uniformity and judicial economy concerns are largely subsumed within it.'"); MTW Dkt. ECF 1 at 12-13. And more importantly, courts do not assess each factor in isolation, but rather look to the cumulative weight of factors. Here, *every* factor weighs in favor of withdrawing the reference: non-core proceeding, jury trial demand, conservation of judicial and party resources, no risk of creating disuniformity in the bankruptcy laws, discouraging forum shopping, and expediting the proceeding. MTW Dkt. ECF 1 at 11-24.

ITS does not argue otherwise except to encourage this Court to follow the "past practice" of declining to withdraw the reference without explaining why this general "practice" should override the weight of factors militating in favor of withdrawal here. Opp. 12-13. While ITS quotes extensively from the bankruptcy court's recent hearing discussing this general practice, the motion to withdraw and transfer is of course a decision for *this* Court. And ITS offers no response whatsoever to the City's strong arguments in favor of transferring venue to the Northern District of California. MTW Dkt. ECF 3 at 13. This state tort dispute belongs in California, not Kentucky.

4

***Rule 2004 Order.*** Finally, despite the City specifically requesting a stay of the bankruptcy court's Rule 2004 order (*see* Mot. 14-15, 19), ITS has declined to respond to the City's arguments. Instead, it urges this Court "not [to] take the bait and unnecessarily conflate the appeal of the 2004 Exam Orders with the stay requested for the adversary proceeding." Opp. 16. The City efficiently raised these issues together, because they are related, and exemplify why this Court should hit pause on all of the proceedings below, which have veered far afield from governing law.

With respect to success on that pending motion for leave to appeal and appeal, since the City filed its stay motion, ITS made a critical concession that all but guarantees the City will prevail in its appeal of the Rule 2004 order. The only legal basis for that order was the bankruptcy court's erroneous reliance on 11 U.S.C. § 549(a). Mot. 14-15. The bankruptcy court was very clear: the examination was limited to the issue of whether there was any transaction that qualified under § 549(a). W.D.K.Y Bankr. Case No. 19-32231-jal Dkt. ("Main Bk. Dkt.") ECF 523 at 6-7.[3] But in its opposition to the City's motion for leave to appeal the Rule 2004 order, ITS now *disclaims* any reliance on Section 549(a) whatsoever, instead claiming that it is seeking discovery under the California Uniform Voidable Transactions Act. W.D.K.Y. 3:25-cv-00065 Dkt. ("R2004 Dkt.") ECF 10 at 7 ("Section 549(a) is no longer at issue between the parties"). ITS is now invoking a *state law* provision to somehow justify the Court's Rule 2004 order, when the court never relied on that, and would not have jurisdiction to do so. Having disclaimed the sole legal underpinning for the bankruptcy court's order, ITS is no longer entitled to Rule 2004 discovery.

---

[3] As the City has explained in its motion for leave to appeal, that is one of the two central legal flaws with this order, because the property at issue (a sports stadium) is *not debtor's property* and cannot fall within section 549(a). The other flaw is this is expressly discovery aimed at a defendant in a pending adversary proceeding, which is an abuse of Rule 2004. R2004 Dkt. ECF 1-1 at 4-5.

5

### III. A Short Stay To Permit This Court To Resolve The Pending Matters Will Prevent Inefficiencies And Harm

The City demonstrated that it will suffer irreparable harm from complying with its discovery obligations and proceeding with the fast-track litigation below while this Court resolves the motion to withdraw and transfer and the Rule 2004 appeal. As to the adversary proceeding, the City will incur very substantial discovery costs defending a claim for "one billion dollars" involving events that date back to 2014. The claims in the adversary proceeding target the same conduct at issue in the California state court litigation *OBOT II*. That case took two years to resolve, including dozens of depositions and exchanging tens of thousands of documents. Mot. 15. There is every reason to think that discovery will be onerous here too. *See* Mot. 11.

As to the Rule 2004 order, the City will also incur the significant fiscal costs of complying with discovery. That order also implicates the additional federalism costs that attend conscripting a federal bankruptcy court in the project of "provid[ing] a healthy check" on a local government's legitimate exercise of political powers. Mot. 15-16, 18; *Cf. Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 134 S. Ct. 506, 507 (2013) (Scalia, J., concurring); *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers).

ITS does not rebut these arguments, instead noting that the parties "agreement … to comply with" the bankruptcy court's orders is "evidence[] that [the City] will not be harmed by" engaging in the discovery process. Opp. 14. But the City's decision to comply with the bankruptcy court's discovery scheduling order is not "evidence" that discovery itself is costless. Just the opposite: the City has begun to incur, and will continue to incur, costs of complying with

ongoing discovery in a jurisdiction over two thousand miles away from the witnesses, the place that the contract was signed, and the alleged injury.

**IV.     ITS Has Pointed To No Harm That It Would Suffer From A Short Stay**

Aside from its generalized interest in "prosecuting its claims" (an interest that exists in every case) (Opp. 14), ITS's only claim of harm is premised on unsupported speculation that the City might go bankrupt during the pendency of a stay, thereby depriving ITS of any money judgment it could collect in the adversary proceeding (Opp. 15). As an initial matter, all of the evidence cited by ITS in support of this claim (documents attached to its counsel's declaration purporting to assert facts about the City's finances) is plainly inadmissible hearsay that lacks any foundation. Moreover, the documents that ITS cites do not reveal any financial instability that would warrant denying a stay. The two cited ratings agency reports (Lee Decl. Exs. C, D), for example, reveal that the City's bonds enjoy highly-rated investment-grade status akin to companies like Apple and Google. That alone is enough to dispel any suggestion that the City could go bankrupt during the pendency of a short stay.[4]

ITS is also in no position to complain about any harm arising from delay given its conduct throughout the course of this case. It waited nearly four years after plan confirmation in 2020 to bring its adversary proceeding that is based on 2018 conduct that it *now* claims caused the 2019 bankruptcy. W.D.K.Y. Bankr. 3:24-03007-jal Dkt. ECF 72 at 4. It waited three months after judgment in the California state court case to file this action; and four additional months

---

[4] The City would provide the Court with evidence that is actually admissible regarding the City's financial situation, but the point is the City does not and should not have to litigate, in federal court, the status of its finances. There is no basis for the assertion that litigation should proceed in an improper forum that has no connection to this dispute at breakneck pace because one party is concerned about enforcing a judgment it has not yet obtained.

7

before filing its Rule 2004 motion. Main Bk. Dkt. ECF 508. It cannot now credibly claim that it will be harmed (let alone irreparably harmed) from a brief stay now.[5]

## V.     The Public Interest Weighs Heavily In Favor of Granting a Stay

The public interest weighs decidedly in favor of granting a stay. A stay would economize the resources of the parties and the federal courts. Needlessly pressing ahead will impose significant costs on the parties and the bankruptcy court, including resolving discovery disputes and, eventually, dispositive motions, all of which would be subject to revision by whichever district court ultimately presides over the trial (whether this Court or the Northern District of California). Mot. 17-18. And as discussed above, granting ITS free reign to second-guess the City's policy judgements under the aegis of a federal bankruptcy court's order would be unseemly and transgresses basic notions of comity, federalism, and the limits of federal jurisdiction. *Supra* 6.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court grant its motion to stay (1) the adversary proceeding pending this Court's resolution of the City's motion to withdraw the reference and transfer venue, and (2) the bankruptcy court's Rule 2004 orders pending this Court's resolution of the City's appeal from that order, or at a minimum, pending this Court's resolution of the City's motion to withdraw the reference and transfer venue.

---

[5] Relatedly, the City's decision to move to withdraw the reference and seek a stay after the bankruptcy court denied its motion to dismiss was entirely appropriate and not indicative of undue delay. *But see* Opp. 10-11. The City's motion to dismiss sought to advance this proceeding by narrowing the issues in dispute, and potentially obviating any need to withdraw the reference altogether.

8

Dated:  March 5, 2025        By:  /s/ *Danielle Leonard*

      Danielle Leonard (SBN 218201)
      ALTSHULER BERZON LLP
      177 Post Street, Suite 300
      San Francisco, CA 94108
      Phone: (415) 421-7151
      Email:  dleonard@altshulerberzon.com

      April A. Wimberg
      DENTONS BINGHAM GREENBAUM LLP
      3500 PNC Tower, 101 South Fifth Street
      Louisville, Kentucky 40202
      Phone:  (502) 587-3719
      Email:   april.wimberg@dentons.com

      Ryan Richardson, City Attorney (SBN 223548)
      (*Pro Hac Vice* motion forthcoming)
      Maria S. Bee, Chief Asst City Attorney
      (SBN 167716)
      Kevin McLaughlin, Supervising Deputy City
      Attorney (SBN 251477)
      THE CITY OF OAKLAND
      One Frank Ogawa Plaza, 6th Floor
      Oakland, California 94612
      Phone:   (510) 238-3601
      Email:    rrichardson@oaklandcityattorney.org
                 mbee@oaklandcityattorney.org
                 kmclaughlin@oaklandcityattorney.org

      Monique D. Jewett-Brewster (SBN 217792)
      HOPKINS & CARLEY, ALC
      The Letitia Building
      70 S First Street
      San Jose, CA  95113-2406
      Phone:         (408) 286-9800
      Facsimile:    (408) 998-4790
      Email:  mjb@hopkinscarley.com

      Attorneys for Defendant,
      CITY OF OAKLAND

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system.

Dated: March 5, 2025  By: /s/ *Danielle Leonard*
  Danielle Leonard