UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC *et al.*<br><br>Debtors | Case No. 3:25-cv-00065-BJB<br><br>Judge Benjamin J. Beaton |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUEST FOR AN EXPEDITED HEARING ON PENDING MOTION FOR STAY OF PROCEEDINGS IN BANKRUPTCY COURT

Comes now the above-styled Plaintiff, Insight Terminal Solutions, LLC (the "Debtor"), by counsel, and hereby files this Objection to Defendant's Request for an Expedited Hearing on Pending Motion for Stay of Proceedings in Bankruptcy Court. In support of this Objection, Plaintiff provides as follows:

1. On March 14, 2025, the City of Oakland (the "City") filed a Request for an Expedited Hearing on Pending Motion for Stay of Proceedings in Bankruptcy Court [Doc. 18] (the "Motion for Expedited Hearing"). In the Motion for Expedited Hearing, the City advances three arguments in support of its request that this Court set an expedited hearing on its previously filed motion to stay (*see* Motion to Stay [Doc. 4]), to which the Debtor has objected. (*See* Objection to Motion to Stay [Doc. 10]).[1] The City's arguments are misplaced and fail to support the need for an expedited hearing or an administrative stay.

---

[1] The City also requests an "administrative stay" without defining what constitutes administrative stay or citing a specific rule of practice permits such a stay. The Debtor objects to this request based on those deficiencies.

1

2.  <u>First</u>, the City argues that the Bankruptcy Court exceeded its jurisdiction by licensing broad discovery into the City's sale of the Oakland Coliseum through the entry of certain Rule 2004 Orders, which the City is seeking leave to appeal in this action before this Court.[2] (*See generally* Notice of Appeal [Doc. 1]). However, the Debtor filed an Objection to the Motion for Leave to Appeal [Doc. 10] and asserts that leave for appeal should be denied for the reasons set forth therein. Therefore, unless and until (a) this Court grants leave to the City to appeal the Rule 2004 Orders, which are interlocutory in nature; and (b) reverses, overturns or stays the Rule 2004 Orders, then the assertion that the Bankruptcy Court is exceeding its broad Rule 2004 jurisdiction is incorrect.

3.  <u>Second</u>, the City argues that it will be required to review thousands of potentially responsive documents on an extremely expedited basis. Putting aside the fact that document review is inherent in contested complex commercial litigation, the initial Rule 2004 Order was entered by the Court more than seven months ago on August 26, 2024. So the City has enjoyed an abundance of time to conduct appropriate document review. Moreover, in that regard, since the filing of the Motion for Expedited Hearing, the City has provided several documents as part of a rolling production in response to the Rule 2004 Orders. To the extent the City's (self-inflicted) burdensome time-constraint argument was potentially persuasive, it is now moot.

---

[2] A summary of the Rule 2004 litigation is as follows:

On July 3, 2024, the Debtor filed a Motion for a Rule 2004 Examination of the City. [Bank. Doc. 508] (the "Rule 2004 Motion"). On July 5, 2024, the City filed its Preliminary Opposition to the Rule 2004 Motion [Bank. Doc. 509]. After a hearing on July 11, 2024, the Bankruptcy Court granted the Rule 2004 Motion [Bankr. Doc. 523] (the "First Rule 2004 Order").

On August 29, 2024, the City filed its Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of City of Oakland, or in the alternative, to Stay That Order [Bank. Doc. 525] (the "Motion for Reconsideration"). On September 9, 2024, the Debtor filed its Objection to the Motion for Reconsideration [Bank. Doc. 528]. On January 29, 2025, the Bankruptcy Court denied the Motion for Reconsideration [Bank. Doc. 548] (the "Rule 2004 Reconsideration Order"; and collectively with the First Rule 2004 Order, the "Rule 2004 Orders").

On February 3, 2025, the City filed a Notice of Appeal of Orders Granting Rule 2004 Discovery from Adversary Defendant City of Oakland and Denying the City's Motion for Reconsideration, along with a corresponding Motion for Leave to File Appeal of Orders (the "Motion for Leave to Appeal"), which is pending before this Court in this case.

*See generally* Objection to the Motion for Leave to Appeal [Doc. 10].

4.       *Third*, the City sets forth a superficial and oversimplified mischaracterization of Judge Lloyd's remarks involving a speculative request for sanctions against the City during a March 11, 2025 hearing before the Bankruptcy Court's on a motion to compel that the Debtor filed against the City for its noncompliance with the Rule 2004 Orders. (*See generally* March 11 Hearing Transcript, a copy of which is attached hereto as Exhibit A.) Specifically, the City states in its Motion for Expedited hearing that the Bankruptcy Court "suggested that sanctions against the City may be appropriate if it did not comply with the broadest conceivable interpretation of the court's extra-jurisdictional discovery order." (Motion at 1). The Debtor, candidly, is unsure what point the City is trying to make by bringing this Court's attention to Judge Lloyd's comments on the possibility of a sanctions motion. Regardless of the City's motive, the Debtor believes providing the entirety of Judge Lloyd's comments regarding sanctions is necessary for context and transparency:

> If you choose -- if the City chooses to narrow its view of what has been raised in the Court's memoranda opinion, the first [Rule 2004 Order], and then the motion to reconsider, and it turns out there are documents that are responsive to the Court's original determinations, then there will be a motion for sanctions that will follow, and if it is discovered that the City of Oakland has narrowly reviewed this Court's order -- the Court can't look into your files, or your files, or anything  . . . .
>
> But where we're going with this, whether you had filed a motion to compel or not, is a motion for sanctions if you find -- if [] ITS sincerely believes that there has been a breach of the appropriate reading of the Court's orders and the Sixth Circuit rules. Now, what you're saying is if the Court enters an order compelling that it's like -- the Court has already decided that there's a default. <u>The Court doesn't know there's actually been a default yet. All I know is there's an impasse on discovery</u> . . . .
>
> If it is determined at some point in the future that it has not, I feel sure that what the Court will then have to consider is a motion for sanctions because all the motion to compel is they think there hasn't been good faith cooperation.  It's an opinion. It's an opinion, but today I believe that there is enough of a disconnect with how the City reads this and how the Court intended it that the motion -- the order on compelling is warranted. <u>Whether or not it will lead to sanctions of the future is anybody's guess</u> . . . .

3

> [T]he Court is not redoing its order. No refinement. It is what it is. Everybody -- you know, this is an old saying; you live by the sword, you die by the sword. It is what it is and caveat emptor, you go for -- or you buy at your risk. You make a determination at your risk. And that's why Rule -- the Bankruptcy Rules and the Federal Rules of Civil Procedure on discovery require good faith, and so that – you know, and because they're come with the miss -- and or the gamesmanship -- **and I'm not suggesting this** -- but a gamesmanship and some litigation is such that if a party feels like there has been a violation of good faith and you can -- then you get into this whole business of sanctions.

(*See* Transcript 27:1-27:9; 27:19-28:2; 36:5-36:13; 38:5-38:16 (emphases added)). Again, while the Debtor remains puzzled as to the City's motive for raising the issue of the possibility that the Debtor will seek sanctions against the City, the Debtor's instincts compel it to "clear the air" by providing complete context of the Bankruptcy Court's comments on that matter as set forth above. This complete picture reveals that the commentary from the Bankruptcy Court was innocuous and part of a healthy exchange with the litigants concerning the hypothetical possibility of the filing of a sanctions motion in the event the City failed to comply with a court order granting a motion to compel.

5. Finally, the Debtor would be remiss if it failed to highlight the fact that the preceding arguments presented in support of the Motion for Expedited Hearing are part of an "Urgent Supplemental Notice" that the City self-servingly monikered and filed without leave of Court on March 12, 2025 [Doc. 16]. The Debtor reserves the right to file a motion to strike the Urgent Supplemental Notice, which purports to supplement the City's fully briefed and pending Motion to Stay, based on the City's failure to seek and obtain leave from the Court to file the document.[3]

---

[3] On February 4, the City filed its Motion for Stay [Doc 4]. On February 25, 2025, the Debtor filed an objection to the Motion to Stay [Doc. 12], and on March 5, 2025, the City filed a Reply to the Debtor's objection. [Doc. 14]. Although the parties completed the motion-response-reply process for the Motion for Stay, the City then curiously filed its Urgent Supplemental Notice. The Urgent Supplemental Notice was filed by the City notwithstanding the fact that the motion-response-reply briefing process prescribed by Local Rule 7.1(c, g) of the Joint Local Rules of Civil Practice for this Court the United States District Courts for the Eastern and Western Districts of Kentucky was completed by the parties, and the City failed to obtain leave from the District Court to file this unorthodox Notice.

WHEREFORE, based on the preceding reasons, the Court should sustain this Objection and deny the City's request to enter an administrative stay and set an expedited hearing on the City's pending motions to stay.

        Respectfully submitted,

        */s/ Barry W. Lee*
        Barry W. Lee
        MANATT, PHELPS & PHILLIPS, LLP
        One Embarcadero Center, 30th Floor
        San Francisco, California 94111
        Telephone: (415) 291-7450
        bwlee@manatt.com

        -and-

        */s/ Andrew D. Stosberg*
        Andrew D. Stosberg
        GRAY ICE HIGDON, PLLC
        3939 Shelbyville Road, Suite 201
        Louisville, Kentucky 40207
        Telephone: (502) 625-2734
        E-mail: astosberg@grayice.com
        *COUNSEL FOR*
        *INSIGHT TERMINAL SOLUTIONS, LLC*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on April 4, 2025 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system to all parties having entered an appearance in this proceeding, including the City's counsel.

/s/ Andrew D. Stosberg
COUNSEL FOR
INSIGHT TERMINAL SOLUTIONS, LLC